IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              No.  3:13-cr-30125-DRH-6

TYRONE CARRAWAY,

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending now before the Court is defendant Tyrone Carraway's ("Carraway") motion to sever defendant from all other defendants as relief from prejudicial joinder (Doc. 130) and his motion to quash search warrant and suppress evidence (Doc. 131). For the following reasons, the motions will be **DENIED**.

## I. MOTION TO SEVER

Carraway and eleven co-defendants are charged with conspiracy to possess with intent to distribute cocaine (Count I). Carraway is also charged, along with co-defendant Richard Graham, with distribution of cocaine (Count V) and possession with intent to distribute cocaine (Count VIII). The remaining Counts charge some of Carraway's alleged co-conspirators with distribution and possession with intent to distribute cocaine or crack cocaine.

In his motion to sever defendant from all other defendants as relief from

prejudicial joinder (Doc. 130), Carraway argues that a trail of all the defendants together would be prejudicial to him. Specifically, Carraway asserts the following: 1) evidence against his co-defendants would be "irrelevant, immaterial and highly prejudicial" (Doc. 130 ¶2); 2) if one co-defendant were to testify, Carraway would be forced to testify or have the jury make a negative inference (Doc. 130 ¶4); 3) Carraway would be subject to a lengthy and therefore personally costly trial because of the large number of defendants (Doc. 130 ¶6); and 4) the defenses presented on the behalf of other defendants may become "antagonistic and conflicted" (Doc. 130 ¶7). The Government argues that Carraway has not met his burden of a strong showing of prejudice.

Rule 14 permits a district court to sever defendants' trials if joinder appears to prejudice a defendant. Fed. R. Crim. P. 14; *see also U.S. v. Moya-Gomez,* 860 F.2d 706, 754 (7th Cir. 1988). A defendant making a motion for severance has the burden of demonstrating a strong showing of prejudice and "is not entitled to a severance merely because it would give him a better chance of acquittal." *U.S. v. McPartlin,* 595 F.2d 1321, 1333-34 (7th Cir. 1979); *Moya-Gomez,* 860 F.2d at 767-768. "In all but the most unusual circumstances, the risk of prejudice arising from a joint trial is outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." *U.S. v. McClurge,* 311 F.3d 866, 871 (7th Cir. 2002). This is especially the case when the indictment charges a conspiracy. *U.S. v. Kahn*, 381 F.2d 824, 838 (7th Cir. 1967) ("Generally, where the indictment charges a conspiracy . . . the rule is that persons jointly indicted

should be tried together.").

The Court finds that Carraway has not met his burden and that this is not one of those "most unusual circumstances."  First, while evidence may be admitted regarding other defendants, the Seventh Circuit has found that such additional evidence is not inherently prejudicial.  "[J]uries are presumed capable of sorting through the evidence and considering the cause of each defendant separately." *U.S. v. Briscoe,* 896 F.2d 1476, 1517 (7th Cir. 1990).  Second, nothing in the Seventh Circuit's case law suggests that the defendant would be unfairly prejudiced if a co-defendant testified.  Further, the defendant's right against self-incrimination remains intact.  *U.S. v. Butler*, 71 F.3d 243, 254 (7th Cir. 1995).  Third, the length and cost of trial to the defendant are not factors the Court considers when making a Rule 14 determination.  Fourth, "the presentation of mutually antagonistic defenses is not sufficient grounds to require severance of trials."  *U.S. v. McClurge*, 311 F.3d 866, 871 (7th Cir. 2002).  Mutual antagonism of the level required to find prejudice "only exists where the acceptance of one party's defense will preclude the acquittal of the other."  *U.S. v. Petullo*, 709 F.2d 1178, 1181-82 (7th Cir. 1983) (distinguishing the facts in that false statements and conspiracy case from *DeLuna v. United States*, 308 F.2d 140 (5th Cir. 1962) where the single package of narcotics logically had to belong to one of two defendants).  The case at hand is not an "it's him, not me" situation.

## II. MOTION TO QUASH SEARCH WARRANT AND SUPPRESS EVIDENCE

Carraway also filed a motion to quash the search warrant issued for 208

North Ninth Street, Unit 1213, Saint Louis, Missouri, and to suppress evidence seized from the execution of the warrant. Defendant provides a laundry list of arguments as to why the warrant should be quashed and the evidence suppressed. However, he does not do so with any specificity. The Government counters in its sealed response both providing significant information to the Court that the warrant meets the Constitutional requirements of the Fourth Amendment and also noting that, to its knowledge, the defendant did not have a copy of the warrant at the time it moved to quash it. In fact, the Government states that it was in the process of working with the DEA to unseal the warrant for the defendant. The warrant has since been unsealed and provided to defense counsel (Doc. 146).

As a preliminary matter, "a trial court need only grant a suppression hearing when a defendant presents facts justifying relief, that is, facts which are definite, specific, detailed and nonconjectural." *U.S. v. Hamm,* 786 F.2d 804, 807 (7th Cir. 1986). While the Court recognizes the defendant was constrained because he did not have a copy of the warrant, he has not been sufficiently specific and, therefore, the Court is not required to afford defendant a hearing.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." A search under a warrant will be generally considered reasonable. *See U.S. v. Leon,* 468 U.S. 897, 913-914 (1984). A search warrant is valid if it is based upon probable cause and particularly describes the place to be searched and the thing to be seized. U.S. Const. amend. IV.; *see Guzman v. City of Chicago*,

565 F.3d 393, 396 (7th Cir. 2009). "Probable cause exists when, considering all the circumstances, the affidavit sets forth sufficient facts to induce a reasonably prudent person to believe that a search will uncover contraband or evidence of a crime." *U.S. v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006). "When a search involves a building with multiple, separate units, the warrant must specify the precise unit that is the subject of the search to satisfy the [place] particularity requirement." *U.S. v. White*, 416 F.3d 634, 637 (7th Cir. 2005). Items must be described "with sufficient particularity to prevent a general exploratory rummaging through one's belongings." *U.S. v. Mann*, 592 F.3d 779, 782 (7th Cir. 2010).

Based on the undisputed facts and the totality of the circumstances, the Court finds that the warrant meets the requirements of the Fourth Amendment. The Government provided the magistrate with probable cause in its 20 page affidavit. The affidavit included information received from Title III interceptions over various phones, surveillance at the target residence, the seizure of cocaine (not at the target residence), and information from a reliable confidential source. The warrant itself described with particularity both the location to be searched and the items to be seized. The apartment building and associated apartment unit were identified in the warrant. The items to be seized were listed in a separate attachment and included the type of item seized relating to the defendant. Finally, the Court was not provided with any evidence to suggest that the officers acted in bad faith.

### III.  CONCLUSION

Accordingly, the Court **DENIES** defendant Tyrone Carraway's motion to sever (Doc. 130) and motion to quash (Doc. 131).  The parties are reminded that this matter is set for jury trial on October 21, 2013 at 9:00 a.m.

**IT IS SO ORDERED.**

Signed this 3rd day of October, 2013.

Digitally signed by
David R. Herndon
Date: 2013.10.03
16:02:01 -05'00'

**Chief Judge**
**United States District Court**